UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| DANIEL CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:21-cv-272 |
| CREDIT CONTROL, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, DANIEL CAMPBELL ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, CREDIT CONTROL, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Ocala, Marion County, State of Florida.
8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.
9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.
10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.
11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
12. Defendant is a collection agency located in the City of Hazelwood, Saint Louis County, State of Missouri.
13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.
15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.
18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff which Plaintiff does not owe.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around December 2020, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-4038, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 800-670-9944, which is one of Defendant's telephone numbers.

23. Plaintiff is not the debtor Defendant seeks to collect from.

24. All calls Defendant placed to Plaintiff were in an attempt to reach "Michael Franklin."

25. On or about December 11, 2020, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors.

26. During the above-referenced conversation:

    a. Plaintiff told Defendant's collector that Plaintiff does not know who Michael Franklin is.

    b. Plaintiff informed Defendant that Plaintiff's telephone number does not belong to Michael Franklin.

    c. Plaintiff requested for Defendant to stop calling him.

27. Despite the foregoing, Defendant continued to call Plaintiff's telephone unabated.

28. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him and continued to do so when Defendant knew Plaintiff is not the debtor Defendant seeks to collect from;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him and continued to do so when Defendant knew Plaintiff is not the debtor Defendant seeks to collect from; and

    c. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DANIEL CAMPBELL, respectfully requests judgment be entered against Defendant, CREDIT CONTROL, LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the FCCPA based on the following:

    a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family, when Defendant continued to place collection calls to Plaintiff's telephone after Plaintiff requested for Defendant to stop calling him and continued to do so when Defendant knew Plaintiff is not the debtor Defendant seeks to collect from.

WHEREFORE, Plaintiff, DANIEL CAMPBELL, respectfully requests judgment be entered against Defendant, CREDIT CONTROL, LLC, for the following:

36. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

37. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

38. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

39. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

DATED: May 20, 2021                By:  /s/ Shireen Hormozdi
                                                     Shireen Hormozdi
                                                     SBN: 0882461
                                                     Hormozdi Law Firm, LLC
                                                     1770 Indian Trail Lilburn Road, Suite 175
                                                     Norcross, GA 30093
                                                     Tel: 678-395-7795
                                                     Fax: 866-929-2434
                                                     shireen@agrusslawfirm.com
                                                     shireen@norcrosslawfirm.com
                                                     Attorney for Plaintiff